### WOODCOCK *v.* BENNETT, 1 Cow. 711.

#### *Execution ; Sale under, Void or voidable ?*

BILL for specific performance, which it had been decreed by the Chancellor, the respondent Bennett, who filed the bill, was entitled to have.

This decree was reversed by the Court of Errors, Woodworth, J., delivering the opinion of the court, in which the following questions are disposed of, as the ground of reversal :—

1. Where one agrees to convey land by *quit-claim*, the agreement has reference to the title as it is at the time of agreement, not to one subsequently acquired. And if the covenantor had none at the time, there is nothing upon which a decree for a specific performance can operate ; and it would be inequitable to decree the conveyance of a title subsequently acquired.

2. Where there is a judgment against two joint debtors, and one dies before execution, the judgment may be enforced against the personal estate of the survivor, but not against his realty. Against the real estate, execution can not issue nor be enforced, without a *scire facias* against the survivor and the heirs, *terre tenants*, &c., of the deceased, to show

why the money should not be levied of their respective lands, without mentioning goods. If it issue without a *scire facias* it is void, and may be set aside, and an innocent purchaser under it will not be protected.

It is thus void, and a sale under it, is a nullity, even as to the lands of the survivor.

Decree *reversed* accordingly.